Everett Holum
633 N. Mildred St., Suite #G
Tacoma, WA 98406
(253) 471-2141

The Honorable: Philip H. Brandt
Hearing Date: June 6, 2006
Time: 9:30 a.m.
Chapter #7 / Tacoma
Response date: May 31, 2006

FILED
2006 MAY 22 PM 1: 28



IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

MARK SKATTUM,

Debtor.

NO. 06-40914-PHB

MOTION FOR RELIEF FROM STAY

COMES NOW the creditor Paul Post, by and through his attorney EVERETT HOLUM, of the law firm of EVERETT HOLUM. P.S., and moves this court pursuant to 11 USC §362 for an order providing relief from stay to allow the above name creditor to proceed with a unlawful detainer proceeding against the above name debtor. Creditor alleges and this motion is based upon the following facts;

1. Debtor filed a petition for relief under Chapter 7 of Title 11, United States Code on May 2, 2006.

2. On the date the debtor filed his petition for relief, debtor had a contract agreement with creditors for month to month residential rental agreement for property located at 924 N "I" St., Tacoma, Washington 98403, wherein the debtor was leasing said property. A copy of that contract is attached and marked as Exhibit "A". Creditor served the debtor on April 17, 2006, a

MOTION FOR RELIEF FROM STAY - 1

**EVERETT HOLUM, P.S.**
Attorney at Law
633 N. Mildred Street, Suite #G
Tacoma, WA 98406
Office: (253) 471-2141 Fax: (253) 471-1646
E-Mail: INFO@holumlaw.com

Case 06-40914-PHB    Doc 9    Filed 05/22/06    Entered 05/22/06 14:16:36    Page 1 of 4

three day notice to pay or vacate, a copy of which incorporated by reference as Exhibit "B". Said notice required the debtor to pay the delinquent rent within three days of service of said notice or in the alternative to vacate and surrender possession of the premises. The debtor has failed to comply with said notice and is now in unlawful possession of the premises.

3. Creditor Paul Post should be granted relief from stay for "cause" as defined by §362 based on equitable and legal principals as debtor has failed to pay delinquent amounts.

4. The debtor has no equity in property owned by the creditor.

5. Granting creditor Paul Post, relief from stay would not impair any of the exemptions claimed by the debtor on Schedule C.

WHEREFORE, creditor Paul Post prays for entry of an order granting relief from stay to allow him to proceed with an unlawful detainer proceeding in Pierce County Superior Court against debtor herein.

DATED June 6, 2006

EVERETT HOLUM, P.S.

By _____
EVERETT HOLUM, WSBA #700
Attorney for Creditor

MOTION FOR RELIEF FROM STAY - 2

EVERETT HOLUM, P.S.
Attorney at Law
633 N. Mildred Street, Suite #G
Tacoma, WA 98406
Office: (253) 471-2141  Fax: (253) 471-1646
E-Mail: INFO@holumlaw.com

# RESIDENTIAL RENTAL AGREEMENT
# AND SECURITY DEPOSIT RECEIPT

THIS INDENTURE, made this __11th__ day of __November__, __2005__, between __Paul W. Post__, hereinafter designated the Landlord, and __Mark R. Skattum__, hereinafter designated the Tenant(s),

WITNESSETH: That the said Landlord does by these presents rent the residence situated at __924 No. I Street__ in __Tacoma__ City __Pierce__ County, __Washington__ State, of which the real estate is described as follows:

__Lot 1, Block 3918, New Tacoma Addition__

upon the following terms and conditions:

1. **Term:** The premises are rented for a term of __12__ month[s], commencing the __15th__ day of __May__, __2005__ and terminating ☐ the _____ day of _____, 19____, ☑ indefinitely thereafter.

2. **Rent:** The Tenant shall pay rent in the amount of $ __1250.00__ per month for the above premises on the __15th__ day of each month in advance to Landlord.

3. **Utilities:** Tenant shall pay for service and utilities supplied to the premises, except __None__ which will be furnished by Landlord.

4. **Sublet:** The Tenant agrees not to sublet said premises nor assign this agreement nor any part thereof without the prior written consent of Landlord.

5. **Tenant's Obligations:**
   [1] To keep said premises in a clean and sanitary condition;
   [2] To properly dispose of rubbish, garbage and waste in a clean and sanitary manner at reasonable and regular intervals and to assume all costs of extermination and fumigation for infestation caused by Tenant;
   [3] To properly use and operate all electrical, gas, heating, plumbing facilities, fixtures and appliances;
   [4] To not intentionally or negligently destroy, deface, damage, impair or remove any part of the premises, their appurtenances, facilities, equipment, furniture, furnishings, and appliances, nor to permit any member of his family, invitee, licensee or other person acting under his control to do so;
   [5] Not to permit a nuisance or common waste.

6. **Maintenance of Premises:** Tenant agrees to mow and water the grass and lawn, and keep the grass, lawn, flowers and shrubbery thereon in good order and condition, and to keep the sidewalk surrounding said premises free and clear of all obstructions; to replace in a neat and workmanlike manner all glass and doors broken during occupancy thereof; to use due precaution against freezing of water or waste pipes and stoppage of same in and about said premises and that in case water or waste pipes are frozen or become clogged by reason of neglect of Tenant, the Tenant shall repair the same at his own expense as well as all damage caused thereby.

7. **Alterations:** Tenant agrees not to make alterations or do or cause to be done any painting or wallpapering to said premises without the prior written consent of Landlord.

8. **Use of Premises:** Tenant shall not use said premises for any purpose other than that of a residence and shall not use said premises or any part thereof for any illegal purpose. Tenant agrees to conform to municipal, county and state codes, statutes, ordinances and regulations concerning the use and occupation of said premises. Landlord shall maintain the premises in substantial conformance with all applicable provisions of municipal, county and state codes, statutes, ordinances and regulations governing maintenance or operation of such premises.

9. **Landlord's Obligations:** Landlord shall:
   [1] Immediately notify tenant, by certified mail or updated posting, of any changes as to the person or address of the Landlord;
   [2] Maintain all structural components in good repair;
   [3] Keep common areas reasonably clean and safe from defects increasing the hazards of fire or accident;
   [4] Provide a reasonable program for the control of infestation by insects, rodents, and other pests at the initiation of the tenancy, provided however, that landlord shall not be held responsible where infestation is caused by the tenant.
   [5] Maintain all electrical, plumbing, heating and other facilities and appliances supplied by him in reasonably good working order.

10. **Access:** Landlord shall have the right to place and maintain "for rent" signs in a conspicuous place on said premises for thirty days prior to the vacation of said premises. Landlord reserves the right of access to the premises for the purpose of:
    [1] Inspection;
    [2] Repairs, alterations or improvements;
    [3] To supply services; or
    [4] To exhibit or display the premises to prospective or actual purchasers, mortgagees, tenants, workmen, or contractors.
    Access shall be at reasonable times except in case of emergency or abandonment.

11. **Surrender of Premises:** In the event of default in payment of any installation of rent or at the expiration of said term of this agreement, Tenant will quit and surrender the said premises to Landlord. If this agreement is for an indefinite time, termination shall be by written notice of at least twenty days, preceding the end of any such monthly rental period, given by either party to the other.

12. **Costs and Attorney's Fees:** If, by reason of any default or breach on the part of either party in the performance of any of the provisions of this agreement, a legal action is instituted, the losing party agrees to pay all reasonable costs and attorney's fees in connection therewith. It is agreed that the venue of any legal action brought under the terms of this agreement may be in the county in which the premises are situated.

13. **Security and Damage Deposit:** The Tenant has deposited the sum of $ __1250.00__, receipt of which is hereby acknowledged, which sum shall be deposited by Landlord in a trust account with __Evergreen Bank__ bank, savings and loan association or licensed escrow, _____ branch, whose address is __301 Eastlake Ave. E., Seattle, WA 98109__.

All or a portion of such deposit may be retained by Landlord and a refund of any portion of such deposit is conditioned as follows:
   (1) Tenant shall fully perform obligations hereunder and those pursuant to Chapter 59.18 Revised Code of Washington, or as such may be subsequently amended;
   (2) Tenant shall occupy said premises for term agreed to above;
   (3) Tenant shall clean, repair and restore said residence and return the same to Landlord in its initial condition, except for reasonable wear and tear, upon the termination of this tenancy and vacation of residence;
   (4) Tenant shall surrender to Landlord the keys to premises;
   (5) A portion of the aforementioned deposit ☐ is ☐ is not to be retained by the landlord as a non-returnable cleaning fee in the amount of $_____. Any refund from deposit, as by itemized statement shown to be due to Tenant, shall be returned to Tenant within fourteen (14) days after termination of this tenancy and vacation of the premises.

14. **Additional Terms:** If any, attached hereto or on the reverse side hereof, are made a part of this agreement by reference and are described as follows:

(If this agreement is for over one (1) year, an acknowledgement by the Landlord/Lessor must be attached.)

IN WITNESS WHEREOF, the Tenant(s) and Landlord, or this agent, each hereunto sets his hand.

__Paul W. Post__  LANDLORD  /  __[signature]__ TENANT(S)
(BY) __Paul W. Post__

ADDRESS __1203 6th Ave__
__Tacoma WA 98405__
__253 383-2177__

Residential Rental Agreement and Security Deposit Receipt
Washington Legal Blank Inc., Bellevue, WA  Form No. 13½  11/80
MATERIAL MAY NOT BE REPRODUCED IN WHOLE OR IN PART IN ANY FORM WHATSOEVER.

**EXHIBIT A**

## THREE DAY NOTICE TO PAY RENT OR VACATE

This Notice Is Being Served Pursuant To The Washington State Landlord Tenant Act RCW 59.12.030(3)

TO: _Mark Skattum_         COUNTY: _Pierce_

_924 No. I St._

_Tacoma_, WA _98403_

YOU AND EACH OF YOU are hereby notified and informed that the rent, plus charges as outlined below, for the period ending _May 15 '06_ for premises situated at the above address and in the above stated county, is now DUE AND PAYABLE:

| | |
|---|---|
| Rent for month of: _April 15 '06 - May 15 '06_ | $ _1250.00_ |
| Balance from prior month(s): | $ _1250.00_ |
| Late charges: | $ |
| Notice charge: | $ |
| Miscellaneous charges: | $ |
| **TOTAL DUE AND PAYABLE:** | $ _2500.00_ |

AND YOU ARE HEREBY NOTIFIED and required to <u>pay the above total in full</u> to the undersigned landlord or his agent within three (3) days from the date of service of this notice upon you, or in the alternative, to vacate and surrender the premises.

**IN THE EVENT OF YOUR FAILURE TO PAY RENT OR VACATE WITHIN THE ABOVE STATED TIME PERIOD, YOU WILL BE GUILTY OF UNLAWFUL DETAINER AND <u>SUBJECT TO EVICTION</u> AS PROVIDED BY LAW.**

This Notice issued and dated at _Tacoma_, Washington.

On the _17th_ day of _April_, 19 _2006_.

LANDLORD: _Paul W. Post_
BY AGENT: _Paul W. Post_
Address: _1203 6th Ave_
_Tacoma, WA 98405_
_253 383-2177_

EXHIBIT _B_

THE RESOURCE EXCHANGE  FORM 315 ©COPYRIGHT 1996 THE RESOURCE EXCHANGE P.O. BOX 10658 BAINBRIDGE ISLAND, WA 98110-0658 ALL RIGHTS RESERVED